[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a one count product liability action brought against the manufacturer and distributor of a machine designed for use by aesthetic professionals in treating facial conditions by plaintiff who was allegedly injured by its use on her. Plaintiff, a Connecticut resident, after reading an advertisement in Connecticut, visited a booth operated by defendant at an exposition in New York City where the machine was demonstrated on her and allegedly caused her injuries. Defendant previously filed a motion to dismiss for lack of personal jurisdiction on August 27, 1966, which was denied without prejudice and without articulation.
On March 13, 1997, the defendant filed this renewed motion to dismiss based on lack of in personam jurisdiction CT Page 8636 contending that the Connecticut long arm statute, General Statutes § 33-411 (c) does not confer jurisdiction over the defendant because the plaintiff has failed to set forth enough facts to suggest that the action complained of resulted from an in-state repeated solicitation by the defendant. Furthermore, the defendant contends that, even if the statute was satisfied, jurisdiction fails under the due process analysis and `minimum contacts' test.
— I —
This court may exercise jurisdiction over a foreign defendant only if the defendant's intrastate activities meet the requirements both of the Connecticut long-arm statute and of the due process clause of the federal constitution.Thomason v. Chemical Bank, 234 Conn. 281, 286 (1995). General Statutes § 33-411 (c)(2) provides: "Every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state . . . ."
The defendant argues that this statute does not confer jurisdiction in this case because the action complained of did not result from any alleged in-state solicitation by the defendant. The plaintiff contends that placing repeated advertising of the defendant's product in a magazine sent to subscribers in Connecticut satisfies the so solicited business language of the statute.
Solicitation has been interpreted by our Supreme Court in the context of commercial advertising. In Lombard Bros.v. General Asset Management Co., 190 Conn. 245 (1983), the court found that the defendant's conduct of sporadic newspaper advertisements could not be characterized as repeated solicitation of business where defendant's advertisements in Connecticut were limited to two notices in the New York Times and the Wall Street Journal announcing the names of persons joining the firm. In Thomason v.CT Page 8637Chemical Bank, supra, 234 Conn. 281, however, the court found that systematic advertising in newspapers constituted repeated solicitation for purposes of General Statutes § 33-411 (c)(2). Id., 298. The number of advertisements sufficient to satisfy the statute was not quantified.
The defendant in the present action did advertise in a magazine sent to Connecticut subscribers, including the plaintiff. Furthermore, the plaintiff states in her affidavit that she has seen "advertisements of the defendant's machine in magazines;" that "the defendant advertised [its] products in a nationwide magazine, [Derma Scope], which [she] subscribed to and was delivered to [her] by mail in Connecticut." Plaintiff's exhibits indicate that advertising of the defendant's product appeared in an issue of Derma Scope Magazine that the plaintiff received prior to attending the exposition on July 31, 1994 and appeared again in a copy of the magazine dated January/February 1995. Defendant has failed to refute these claims and it is concluded that General Statutes § 33-411 (c)(2) confers jurisdiction over the defendant because the solicitation requirement of the long-arm statute has been satisfied.
— II —
In order to determine whether the requirements of due process are satisfied by the court's exercise of jurisdiction over a foreign defendant, the key inquiry is whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. Thomason v. Chemical Bank,234 Conn. 281, 287, 299 (1995); Worldwide Volkswagen Corp.v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559,62 L.Ed.2d 49 (1980). "It is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here."Frazer v. McGowan, 198 Conn. 243, 249, 502 A.2d 905 (1986). In Bowman v. Grolsche Bierbrouwer, B.V., 474 F. Sup. 725,732 (D.Conn. 1979), the court found that a contract and advertising by the defendant constituted sufficient minimum contacts.
The defendant in the present case advertises in Derma Scope Magazine which is mailed into Connecticut and to CT Page 8638 Connecticut subscribers. The plaintiff received in the mail the advertising for a trade show in which the defendant's products were featured and subsequently received copies of Derma Scope Magazine featuring the defendant's advertisements. When a foreign corporation places advertisements in a newspaper whose circulation includes Connecticut, that is sufficient to invoke § 33-411 (c)(2).Hagar v. Zaidman, 797 F. Sup. 132, 136 (D.Conn. 1992).
According to Plaintiff's affidavit the advertisements and the demonstration of the defendant's machine at the time the plaintiff suffered injury were calculated to encourage the purchase of the machine for delivery and use in Connecticut where the defendant specifically promised to train and provide all the necessary support service on site. The affidavit further claims that the defendant already conducts business in Connecticut as evidenced by the fact that the defendant's machine is in use in at least one other Connecticut facility located in Fairfield County. The plaintiff has demonstrated sufficient minimum contacts by the defendant with this state so that the exercise of jurisdiction by the court does not offend due process, and it was reasonably foreseeable that the defendant, who conducts business and advertises its products in Connecticut would be haled into court in this state to defend against an action similar to the one instituted by the plaintiff.
Motion to dismiss is denied.
Jerry Wagner Judge Trial Referee